**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 04 2024 ★
LONG ISLAND OFFICE

UNITED STATES OF AMERICA,
*ex rel.*
DOLOS ANALYTICS, LLC, a
Delaware limited liability company,

Plaintiff,

vs.

BILINGUALS INC., a New York corporation; ACHIEVE BEYOND, INC., a New York corporation; ACHIEVE BEYOND LICENSED BEHAVIOR ANALYST SERVICES, P.C., a New York professional corporation; AXIOM LINK, INC., a New York corporation; and GLOBAL HEALTHCARE SERVICES INC., a New York corporation,

Defendants.

Case No.:

***QUI TAM* COMPLAINT**

**DEMAND FOR JURY TRIAL**

CV 24 8339

LINDSAY, M.J.

Plaintiff, the United States of America ("United States"), *ex rel.* Dolos Analytics, LLC, a Delaware limited liability company ("Relator"), through its undersigned counsel, hereby files this *qui tam* Complaint against Defendants Bilinguals Inc., a New York corporation ("Bilinguals Inc."), Achieve Beyond, Inc., a New York corporation ("Achieve Beyond"), Achieve Beyond Licensed Behavior Analyst Services, P.C., a New York professional corporation ("Achieve Analyst"), Axiom Link, Inc., a New York corporation ("Axiom"), and Global Healthcare Services Inc., a New York corporation ("Global Healthcare"), (collectively "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This *qui tam* action alleges violations of the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. ("FCA") arising from Defendants' fraudulent misrepresentations presented to the United States Small Business Administration ("SBA") and lenders acting on the SBA's behalf, in their applications to obtain and have forgiven millions of dollars in loans under the Paycheck Protection Program.

2. Defendants provide pediatric therapy and educational services to children, students and families throughout the United States.

3. Defendants are affiliated with each other and other parties because they control or have the power to control one another, or a third party or parties controls or has the power to control the Defendants and other parties. Defendants, and their affiliates, employ over 500 employees and generate millions of dollars in annual revenue.

4. Defendants deceived the SBA into lending them and forgiving millions of dollars by knowingly misrepresenting their number of employees combined with their affiliates to con the SBA into accepting their eligibility for loans under the applicable SBA small businesses standards.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this *qui tam* action brought under the FCA, 31 U.S.C. §§ 3279, *et seq*., pursuant to 28 U.S.C. §§1331 and 1345, and 31 U.S.C. §§ 3732(a) and 3730(b).

6. Relator is an "original source" and otherwise authorized to maintain this action in the name of the United States and as contemplated by the FCA, 31 U.S.C. §§ 3729-33. Relator has or will make all the necessary voluntary disclosures to the United States and filed all documents necessary with the United States as required by 31 U.S.C. § 3730(b)(2).

7. There has been no public disclosure of the "allegations or transactions" in this Complaint under Section 3730(e) of the FCA. The specific facts, circumstances, and allegations of Defendants' violations of the FCA have not been publicly disclosed in a civil suit or administrative civil money penalty proceeding in which the United States is already a party. Moreover, Relator is an "original source" of the allegations in this Complaint under 31 U.S.C. § 3730(e) of the FCA, even had such a public disclosure occurred.

8. The Court has personal jurisdiction over Defendants because 31 U.S.C. § 3732(a) authorizes nationwide service of process, and because Defendants have minimum contacts with the United States, can be found in, and transact or have transacted business in the Eastern District of New York. Further, the acts proscribed by 31 U.S.C. § 3729(a) and described in this Complaint occurred in the Eastern District of New York and elsewhere in the United States.

9. The Defendants are affiliated entities that do business in the Eastern District of New York and throughout the United States and that either directly or through their affiliates made or caused to be made false statements to the SBA to obtain and have forgiven millions of dollars in PPP loans, and accordingly, are subject to the jurisdiction of this Court.

10. Venue lies under 28 U.S.C. § 1391(b), (c) and 31 U.S.C. § 3732(a) because the Eastern District of New York is a district in which Defendants can be found or transact business, and an act proscribed by 31 U.S.C. § 3729 occurred within this district.

## PARTIES

11. Plaintiff/Relator, Dolos Analytics, LLC, a Delaware limited liability company, brings this action on behalf of the United States, the real party in interest. Relator is a team of data analytics professionals specialized in gathering data from public and private sources and developing models to identify suspicious activity in such data sets. As it pertains to this matter,

Relator gathered data related to all applicants of the SBA's Paycheck Protection Program from public and private sources and designed analytical models that identified suspicious activity related to the applicants' data. Thereafter, Relator's professional team manually reviewed the suspicious activity and identified various fraudulent statements made by Defendants to the SBA as set forth herein. Relator has direct and independent knowledge of the factual allegations contained in this *qui tam* Complaint and brings this action as an "original source," as that term is defined by the FCA.

12. Defendant Bilinguals Inc. is a New York corporation with its principal place of business located at 225 Broadhollow Road, Suite 402, Melville, New York 11747. Bilinguals Inc. transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto, Bilinguals Inc. directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over seven million dollars in a PPP loan.

13. Defendant Achieve Beyond, Inc. is a New York corporation with its principal place of business located at 225 Broadhollow Road, Suite 402, Melville, New York 11747. Achieve Beyond transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto Achieve Beyond directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over four hundred thousand dollars in a PPP loan.

14. Defendant Achieve Beyond Licensed Behavior Analyst Services, P.C. is a New York professional corporation with its principal place of business located at 225 Broadhollow Road, Suite 402, Melville, New York 11747. Achieve Analyst transacts business and has extensive

business contacts within Suffolk County, New York. At all times material hereto, Achieve Analyst directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over two hundred thousand dollars in a PPP loan.

15. Defendant Axiom Link, Inc. is a New York corporation with its principal place of business located at 60 Madison Avenue, New York, New York 10010. Axiom transacts business and has extensive business contacts within Queens County, New York. At all times material hereto, Axiom directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over three hundred thousand dollars in a PPP loan.

16. Defendant Global Healthcare Services Inc. is a New York corporation with its principal place of business located at 225 Broadhollow Road, Suite 402, Melville, New York 11747. Global Healthcare transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto, Global Healthcare directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over one hundred thousand dollars in a PPP loan.

## FACTUAL ALLEGATIONS

### I. The Paycheck Protection Program

17. On March 27, 2020, Congress enacted the Paycheck Protection Program ("PPP") as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the COVID-19 crisis. Under the PPP, the SBA lent, guaranteed, and ultimately forgave hundreds of billions of dollars to businesses and other organizations.

18. The PPP enabled borrowers to rapidly obtain low-interest loans from private lenders to pay employees and certain expenses to alleviate the unprecedented challenges presented by the COVID-19 crisis.

19. Pursuant to Section 1102 of the CARES Act, the SBA guaranteed 100% of the PPP loans to incentivize private lenders across the country to participate in making such loans expeditiously.

20. Section 1106 of the CARES Act made the loans eligible for partial or full forgiveness subject to the borrower's certification that the funds were used within a specific period to maintain payroll, make rent or mortgage payments, and pay other specified business expenses.

21. To qualify for a first draw PPP loan, the borrower had to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain a PPP loan.

## II. The PPP First Draw Application Process

22. To expedite the distribution of funds to borrowers, the SBA authorized lenders to rely on the borrowers' certifications regarding their eligibility for the loan, loan amount, use of funds, supporting documentation, and eligibility for loan forgiveness.

23. The SBA delegated authority to private lenders to underwrite and approve the PPP loans. To obtain a PPP first draw loan, an eligible business had to complete and submit a PPP first draw loan application compliant with SBA Form 2483 online through its private lender's platform. The PPP first draw loan application required the borrower to certify its eligibility to obtain the PPP loan, including, *inter alia*, that the borrower, combined with its affiliates, had, i.) 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates (if applicable), or iii.) met the SBA's alternative size standard.

a. The SBA's industry size standards are generally stated in number of employees or average annual receipts, represents the largest size that a business (including its subsidiaries and affiliates) may be to remain classified as a small business for SBA programs.[1]

b. The SBA's alternative size standard provides that a business can qualify for a PPP loan as a small business if as of March 27, 2020, it (1) had a maximum tangible net worth of not more than $15 million, and (2) had an average net income after Federal income taxes (excluding any carry-over losses) of not more than $5 million for the last two fiscal years before the date of the application.

24. Once the borrower submitted its PPP first draw loan application to a private lender, the lender processed the PPP first draw loan application. If the lender approved the borrower's application, the lender submitted its own application compliant with SBA Form 2484 to the SBA certifying that the borrower certified its eligibility to receive a PPP first draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

25. Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified the SBA that the loan was disbursed. Upon receipt of that notification, the SBA paid the lender a processing fee.

---

[1] SBA Table of Small Business Size Standards (available at: https://data.sba.gov/dataset/c17e8870-fa85-48a4-8887-9a51b7503711/resource/d89a5f17-ab8e-4698-9031-dfeb34d0a773/download/sba-table-of-size-standards_effective-august-19-2019_v0.xlsx).

## III. **The PPP Loan Forgiveness Application**

26. Borrowers were eligible to apply for forgiveness of the funds borrowed and spent on specified business expenses during the eight to twenty-four week covered period following each loan disbursement.

27. Borrowers could apply for loan forgiveness at any time before the loan's maturity date by completing and submitting SBA Form 3508, or one of its variations depending on circumstances. Pursuant to SBA Form 3508, borrowers were required to certify that they were eligible for loan forgiveness. Once the SBA approved the forgiveness application, or a portion thereof, it would remit the forgiveness amount to the lender and the borrower would be released from its obligations under the loan.

## IV. **Bilinguals Inc.'s Fraudulent PPP Loan Application and Forgiveness Application**

28. Bilinguals Inc. submitted a PPP loan application compliant with SBA Form 2483 to JPMorgan Chase Bank National Association ("JPMorgan") falsely certifying its eligibility to receive a PPP loan. Bilinguals Inc. certified that it had 500 employees and falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

29. JPMorgan processed and approved Bilinguals Inc.'s PPP application in the amount of $7,060,587.00. Relying on Bilinguals Inc.'s certifications, JPMorgan submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Bilinguals Inc. had certified that it was eligible to receive said PPP loan.

30. On or about April 13, 2020, and relying on Bilinguals Inc.'s certification, the SBA approved and guaranteed the PPP loan and issued it loan number 4867777101. JPMorgan then disbursed the PPP loan to Bilinguals Inc. and notified the SBA of such disbursement, at which point the SBA paid the bank a processing fee.

31. Bilinguals Inc. applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about August 30,2021, Bilinguals Inc.'s PPP loan, plus accrued interest, was forgiven in the amount of $7,156,881.64.

## V. <u>Achieve Beyond's Fraudulent PPP Loan Application and Forgiveness Application</u>

32. Achieve Beyond submitted a PPP loan application compliant with SBA Form 2483 to JP Morgan falsely certifying its eligibility to receive a PPP loan. Achieve Beyond certified that it had 103 employees and falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

33. JPMorgan processed and approved Achieve Beyond's PPP application in the amount of $427,830.00. Relying on Achieve Beyond's certifications, JPMorgan submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Achieve Beyond had certified that it was eligible to receive said PPP loan.

34. On or about April 14, 2020, and relying on Achieve Beyond's false certification, the SBA approved and guaranteed the PPP loan and issued it loan number 6032567109. JPMorgan then disbursed the PPP loan to Achieve Beyond and notified the SBA of such disbursement, at which point the SBA paid the bank a processing fee.

35. Achieve Beyond applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about August 16, 2021, Achieve Beyond's PPP loan, plus accrued interest, was forgiven in the amount of $433,490.19.

## VI. <u>Achieve Analyst's Fraudulent PPP Loan Application and Forgiveness Application</u>

36. Achieve Analyst submitted a PPP loan application compliant with SBA Form 2483 to JPMorgan falsely certifying its eligibility to receive a PPP loan. Achieve Analyst certified that it had 140 employees and falsely certified that combined with its affiliates, it i.) had 500 or fewer

employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

37. JPMorgan processed and approved Achieve Analyst's PPP application in the amount of $235,480.00 Relying on Achieve Analyst's certifications, JPMorgan submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Achieve Analyst had certified that it was eligible to receive said PPP loan.

38. On or about April 13, 2020, and relying on Achieve Analyst's certification, the SBA approved and guaranteed the PPP loan and issued it loan number 5410587108. JPMorgan then disbursed the PPP loan to Achieve Analyst and notified the SBA of such disbursement, at which point the SBA paid the bank a processing fee.

39. Achieve Analyst applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about August 9, 2021, Achieve Analyst's PPP loan, plus accrued interest, was forgiven in the amount of $238,550.53.

## VII. Axiom's Fraudulent PPP Loan Application and Forgiveness Application

40. Axiom submitted a PPP loan application compliant with SBA Form 2483 to JPMorgan falsely certifying its eligibility to receive a PPP loan. Axiom certified that it had 54 employees and falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

41. JPMorgan processed and approved Axiom's PPP application in the amount of $302,587.00 Relying on Axiom's certifications, JPMorgan submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Axiom had certified that it was eligible to receive said PPP loan.

42. On or about April 14, 2020, and relying on Axiom's certification, the SBA approved and guaranteed the PPP loan and issued it loan number 6676027106. JPMorgan then disbursed the PPP loan to Axiom and notified the SBA of such disbursement, at which point the SBA paid the bank a processing fee.

43. Axiom applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about July 29, 2021, Axiom's PPP loan, plus accrued interest, was forgiven in the amount of $306,458.43.

## VIII. Global Healthcare's Fraudulent PPP Loan Application and Forgiveness Application

44. Global Healthcare submitted a PPP loan application compliant with SBA Form 2483 to JPMorgan falsely certifying its eligibility to receive a PPP loan. Global Healthcare certified that it had 78 employees and falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

45. JPMorgan processed and approved Global Healthcare's PPP application in the amount of $386,940.00 Relying on Global Healthcare's certifications, JPMorgan submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Global Healthcare had certified that it was eligible to receive said PPP loan.

46. On or about April 13, 2020, and relying on Global Healthcare's certification, the SBA approved and guaranteed the PPP loan and issued it loan number 4856667108. JPMorgan then disbursed the PPP loan to Global Healthcare and notified the SBA of such disbursement, at which point the SBA paid the bank a processing fee.

47. Global Healthcare applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about August 5, 2021, Global Healthcare's PPP loan, plus accrued interest, was forgiven in the amount of $142,291.93.

## IX. The Defendants are not Qualified Small Businesses

48. Defendants and other parties are affiliated entities because they control or have the power to control one another, or a third party or parties control or have the power to control Defendants and other parties.

49. To be eligible small businesses to receive PPP loans, Defendants along with all of their affiliates, had to:

a. have 500 or fewer employees;

b. have $12,000,000.00 in total annual receipts pursuant to its SBA's industry size standard; or

c. meet the SBA's alternative size standard by having a maximum tangible net worth of not more than $15 million, and an average net income after Federal income taxes of not more than $5 million.

50. Founded in 1995, Defendants have grown to have various locations throughout seven states with hundreds of employees.

51. Defendants and their affiliated entities employ more than 500 employees, generate well over $12,000,000.00 in annual revenue, and have a tangible net worth in excess of $15 million and an average net income of more than $5 million.

52. Defendants are affiliated entities and the employee headcount that they each disclosed on their PPP applications, without accounting for their other affiliated entities, amounts to 875 employees.

53. Bilinguals Inc. was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

54. Achieve Beyond was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

55. Achieve Analyst was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

56. Axiom was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

57. Global Healthcare was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

## X. The False Claims Act

58. The False Claims Act, 31 U.S.C. §§ 3729–3733, is the primary tool with which the United States combats fraud against it. The Supreme Court has held that the False Claims Act's provisions must be construed broadly to reach "all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White*, 390 U.S. 228, 232 (1968).

59. The FCA provides that a person or entity that knowingly presents or causes to be presented a false or fraudulent claim for approval or makes or causes to be made a false or

fraudulent claim that is material to a false or fraudulent claim is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted, plus three times the amount of damages which the United States sustains due to the conduct. 31 U.S.C. § 3729(a); 28 C.F.R. § 85.5(a) (adjusting penalties assessed after January 30, 2023 to a minimum of $13,508 and maximum of $27,018).

60. The terms "knowing" and "knowingly" are defined by the FCA to mean that, with respect to the subject false information, a person has actual knowledge of the falsity, acts in deliberate ignorance of the truth or falsity, or acts in reckless disregard of the truth or falsity, and proof of specific intent to defraud is not required. 31 U.S.C. § 3729(b).

61. As defined in the FCA, the term "claim" means any request or demand for money or property that is presented or caused to be presented to the United States; or that is made to a contractor, grantee, or other recipient, if the money is to be spent or used on behalf of the United States or to advance a United States program or interest, so long as the United States provides or has provided any portion of the subject money or property or will reimburse such contractor, grantee, or other recipient for any portion of the subject money or property. *Id.*

62. The term "material" is defined in the False Claims Act to mean having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id.*

## CAUSES OF ACTION

### Count I: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

(Bilinguals Inc.)

63. Relator re-alleges and incorporates in this Count I, Paragraphs 1 through 62 of this *qui tam* Complaint.

64. Defendant Bilinguals Inc. knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Bilinguals Inc. was eligible for a PPP loan and to have such PPP loan forgiven.

65. Because of Bilinguals Inc.'s acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count II: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Bilinguals Inc.)

66. Relator re-alleges and incorporates in this Count II, Paragraphs 1 through 62 of this *qui tam* Complaint.

67. Defendant Bilinguals Inc. knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

68. Because of Bilinguals Inc.'s acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count III: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Bilinguals Inc.)

69. Relator re-alleges and incorporates in this Count III, Paragraphs 1 through 62 of this *qui tam* Complaint.

70. Defendant Bilinguals Inc. knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the

United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

71. Because of Bilinguals Inc.'s acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count IV: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Achieve Beyond)

72. Relator re-alleges and incorporates in this Count IV, Paragraphs 1 through 62 of this *qui tam* Complaint.

73. Defendant Achieve Beyond knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Achieve Beyond was eligible for a PPP loan and to have such PPP loan forgiven.

74. Because of Achieve Beyond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count V: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Achieve Beyond)

75. Relator re-alleges and incorporates in this Count V, Paragraphs 1 through 62 of this *qui tam* Complaint.

76. Defendant Achieve Beyond knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

77. Because of Achieve Beyond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VI: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Achieve Beyond)

78. Relator re-alleges and incorporates in this Count VI, Paragraphs 1 through 62 of this *qui tam* Complaint.

79. Defendant Achieve Beyond knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

80. Because of Achieve Beyond's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Achieve Analyst's)

81. Relator re-alleges and incorporates in this Count VII, Paragraphs 1 through 62 of this *qui tam* Complaint.

82. Defendant Achieve Analyst knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Achieve Analyst was eligible for a PPP loan and to have such PPP loan forgiven.

83. Because of Achieve Analyst's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VIII: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Achieve Analyst )

84. Relator re-alleges and incorporates in this Count VIII, Paragraphs 1 through 62 of this *qui tam* Complaint.

85. Defendant Achieve Analyst knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

86. Because of Achieve Analyst's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count IX: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Achieve Analyst )

87. Relator re-alleges and incorporates in this Count IX, Paragraphs 1 through 62 of this *qui tam* Complaint.

88. Defendant Achieve Analyst knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the

United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

89. Because of Achieve Analyst's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count X: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Axiom)

90. Relator re-alleges and incorporates in this Count X, Paragraphs 1 through 62 of this *qui tam* Complaint.

91. Defendant Axiom knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Axiom was eligible for a PPP loan and to have such PPP loan forgiven.

92. Because of Axiom's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XI: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Axiom)

93. Relator re-alleges and incorporates in this Count XI, Paragraphs 1 through 62 of this *qui tam* Complaint.

94. Defendant Axiom knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

95. Because of Axiom's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XII: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Axiom)

96. Relator re-alleges and incorporates in this Count XII, Paragraphs 1 through 62 of this *qui tam* Complaint.

97. Defendant Axiom knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

98. Because of Axiom's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XIII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Global Healthcare)

99. Relator re-alleges and incorporates in this Count XIII, Paragraphs 1 through 62 of this *qui* tam Complaint.

100. Defendant Global Healthcare knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Global Healthcare was eligible for a PPP loan and to have such PPP loan forgiven.

101. Because of Global Healthcare's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XIV: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Global Healthcare)

102. Relator re-alleges and incorporates in this Count XIV, Paragraphs 1 through 62 of this *qui tam* Complaint.

103. Defendant Global Healthcare knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

104. Because of Global Healthcare's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XV: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Global Healthcare)

105. Relator re-alleges and incorporates in this Count XV, Paragraphs 1 through 62 of this *qui tam* Complaint.

106. Defendant Global Healthcare knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the

United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

107. Because of Global Healthcare's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## PRAYER FOR RELIEF

108. Wherefore, Relator, demands judgment in its favor as follows:

a. Against Defendant Bilinguals Inc. under Counts I, II, and III under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

b. Against Defendant Achieve Beyond under Counts IV, V, and VI under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

c. Against Defendant Achieve Analyst under Counts VII, VIII, and IX under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

d. Against Defendant Axiom under Counts X, XI, and XII under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

e. Against Defendant Global Healthcare under Counts XIII, XIV, and XV under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper; and

f. Such other relief as this Court may deem just and proper, together with interest and costs of this action.

**DEMAND FOR JURY TRIAL**

Relator demands a jury trial as to all issues so triable.

Dated: November 21, 2024

Respectfully submitted,

**ORTEGA GROUP, PLLC**

Dick M. Ortega, Esq.
*Attorneys for Relator*
1108 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 315-2725
dortega@ortegagroup.law